UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL GERALD SNYDER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:05-CV-822
(Criminal Case No. 1:02-CR-163)

HON. GORDON J. QUIST

## OPINION

This Court has before it Michael Gerald Snyder's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

    1.    **Procedural History.**

On November 26, 2002, Petitioner pled guilty to attempted bank robbery in violation of 18 U.S.C. § 2113(a). Petitioner's plea agreement included a provision that:

> The United States agrees that if the defendant tenders a guilty plea consistent with this plea agreement, that plea is accepted by the court and the defendant is sentenced as a result of that plea, the United States will move to dismiss the remaining charge against the defendant at the time of sentencing. The United States also agrees it will

> bring no additional charges, based upon the conduct encompassed in the charges, if the conditions outlined above are met. The parties understand, however, that in the event the defendant attempts to set aside his conviction, either on direct appeal or in a collateral proceeding, the United States will have the authority under this plea agreement to move for the reinstatement of all charges that now are pending against the defendant, notwithstanding the expiration of the statute of limitations and notwithstanding the fact that the defendant may have served a portion of his sentence in connection with those offenses.

(Plea Agreement ¶ 8.)

On April 2, 2003, this Court sentenced Petitioner to 151 months incarceration. Judgment was entered on April 3, 2003, and Petitioner had 10 days after that date (until April 17, 2003) in which to file an appeal with the Court of Appeals for the Sixth Circuit. Fed. R. App. P. 4(b), 26(a)(2). Petitioner did not appeal his sentence. On December 12, 2005, Petitioner filed his Motion under 28 U.S.C. § 2255. Petitioner alleges three grounds for relief in his motion: (1) the district court did not have jurisdiction to sentence him because the sentencing guidelines were unlawful; (2) Petitioner was sentenced unlawfully under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005); and (3) Petitioner was sentenced unlawfully under *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005). (Def's § 2255 Motion at 5.)

    **2.**    **Time Barred.**

As a preliminary matter, the Court notes that Petitioner may have jeopardized his plea agreement with the United States by filing this motion. Furthermore, under § 2255, Petitioner has failed to file his petition within one year after the date on which his judgment of conviction became final. 28 U.S.C. § 2255. The Sixth Circuit has held that when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Thus, Petitioner had until April 17, 2004, in which to file his petition. Because he did not

file his petition until December 12, 2005, the petition is untimely.

Without directly holding in a published opinion, the Sixth Circuit has suggested that, although the court may *sua sponte* raise a statute of limitations problem if a responsive pleading has not been filed, it must first provide the Petitioner with notice and an opportunity to be heard on the reasons for the delay before dismissing the action. *See Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002); *Wade v. Webb*, 83 Fed. Appx. 703, 704-05 (6th Cir. 2003) (unpublished opinion). However, because this motion is dismissed on other grounds below, notice and an opportunity to be heard on the statute of limitations issue would be futile and will not be provided here.

### 3. *Blakely* and *Booker* Relief Cannot be Applied Retroactively.

Petitioner's first and second grounds for relief must fail because he is not entitled to retroactive relief on collateral review. In *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury. The decision called into question the constitutionality of both Washington state's sentencing guidelines and the federal sentencing guidelines. In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court addressed whether the federal sentencing guidelines and enhancement provisions violate a defendant's Sixth Amendment rights. The Supreme Court concluded that the mandatory federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. However, the application of the federal guidelines does not violate a defendant's constitutional rights so long as the guidelines are advisory rather than mandatory.

But, here, Petitioner's claim fails because the Sixth Circuit has explicitly held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to cases on collateral

3

review. *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 199 (2005). In *Humphress*, the district court had enhanced the Petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury. The Petitioner filed a § 2255 motion, claiming that the enhanced sentence violated *Blakely*. Because *Booker* was decided after the Petitioner had filed his motion, the Sixth Circuit also considered *Booker* in its analysis. It concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria required to be applied retroactively to cases on collateral review set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989). Specifically, the new rules do not forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 860-863. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id.* Accordingly, Petitioner's claim must fail.

### 4. *Shepard* Relief Cannot be Applied Retroactively.

For similar reasons, Petitioner's third ground must fail because the new rule set out in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005) is procedural and also does not apply retroactively on collateral review. *See Schiro v. Summerlin,* 542 U.S. 348, 124 S. Ct. 2519, 2522-23 (2004) ("New rules of procedure . . . generally do not apply retroactively."); *see also Duong v. United States*, No. Civ.A. C-05-229, 2005 WL 3312630 (S.D. Tex. Dec. 6, 2005) (holding that *Shepard* does not apply retroactively).

In *Shepard*, the Supreme Court addressed the extent to which information about prior convictions based on guilty pleas may be considered by a later sentencing court when determining the applicability of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to convictions obtained under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). The Supreme Court

4

limited the evidence a court may rely on to enhance punishment to (1) the terms of the charging documents; (2) a statement of the factual basis for the earlier charges shown by a transcript of the plea colloquy; (3) a written plea agreement presented to the earlier court, or (4) a record of comparable findings of fact adopted by the defendant before entering the plea. *See Shepard*, 125 S.Ct. at 1259-1261, 1263. Thus, *Shepard* merely limited the materials a district court may consider in determining whether prior convictions subject a defendant to an enhanced sentence. Therefore, this rule is procedural and is not applicable on collateral review to § 2255 motions.

  5. **<u>Limited Certificate of Appealability</u>**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's *Blakely* and *Booker* claim was debatable or wrong. However, the Court of Appeals for the Sixth Circuit has not explicitly indicated whether *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005) applies retroactively to cases on collateral review. Therefore, this Court will grant a certificate of appealability only on the single issue of whether *Shepard* applies retroactively to cases on collateral review and whether the *Shepard* claim was properly dismissed.

## Conclusion

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases. A certificate of appealability will be GRANTED only on the single issue of whether *Shepard* applies retroactively to cases on collateral review and whether the *Shepard* claim was properly dismissed.

A separate order will issue.


Dated:  January 30, 2006               /s/ Gordon J. Quist              
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE